## Ed. Novy v. The State.

No. 7353.   Decided March 21, 1923.

### 1.—Selling Intoxicating Liquor—Leading Question.

Where the witness was old and infirm, and it was difficult to make him understand, there was no reversible error in permitting the State to ask him leading questions.

### 2.—Same—Evidence—Immaterial Testimony—Rule Stated.

The defendant may not draw out of the State witness on cross-examination matters not of themselves material to the issue of guilt, and then complain that he is not allowed to disprove the matters so drawn out.

### 3.—Same—Newly Discovered Evidence.

Where newly discovered testimony is not only impeaching but further shows that a witness is mistaken about matters material to the State's case, a new trial should be granted, and where the newly discovered evidence came within the scope of this rule, the trial court committed reversible error in overruling the motion for a new trial.

Appeal from the District Court of Ellis.   Tried below before the Honorable W. L. Harding.

Appeal from a conviction of selling intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*T. H. Collier* and *Farrar & Kemble*, for the appellant.

*R. G. Storey*, Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Ellis County of selling intoxicating liquor, and his punishment fixed at one year in the penitentiary.

Complaint is made of the argument of the county attorney. It is made to appear that the county attorney stated to the jury that the bootleggers of Ellis County were organized together to violate the prohibition law. In the absence of some testimony of this fact it would manifestly be improper for the county attorney to make such a statement. However, in view of the disposition of the case and the fact that such argument will not likely be made upon another trial, we do not discuss this matter further.

In view of the qualification of the trial court that the witness Louie Joly, Sr., was old and infirm and that it was difficult to understand him and to make him understand, we would hold that no error appears in regard to a leading question asked said witness while on the stand.

It is complained that appellant was not permitted to ask said witness relative to his having bought liquor from other parties and that it caused him to become ill and go to the sanitarium. It affirmatively appearing that no question was asked this witness about his having gone to a sanitarium, or been made ill from the effects of any liquor bought from appellant, on direct examination, and it being clear that all the testimony of this witness upon this subject was developed by appellant's cross-examination, we would be of opinion that this matter presents no error. The appellant may not draw out of the State's witness on cross-examination matters not of themselves material to the issue of guilt, and then complain that he is not allowed to disprove the truth of the matters so drawn out.

Appellant sought a new trial upon the ground of newly discovered evidence, supporting same by his own affidavit, that of his attorneys. and of the two witnesses whose new testimony was averred. As part of the State's case it was shown by the testimony of Louie Joly, Jr., the son of the party to whom appellant was charged with selling liquor, that while Mr. Joly, Sr., was in the sanitarium his son went to appellant in front of the Star Cash Grocery in Ennis and charged him with having sold whisky to his father. This witness testified that appellant admitted that he had sold such liquor but stated that he would not do so again. The two witnesses above referred to make affidavit that they were present and heard the conversation between appellant and Joly, Jr. On the trial of the case appellant denied having made the statement on this occasion that he had sold whisky to Joly, Sr., and affirmed that on said occasion he told Joly, Jr., that he

had not sold any whisky to his father. The two witnesses above referred to in their affidavits appended to the motion for new trial state that they were present in front of the Star Cash Grocery on the occasion mentioned and heard the conversation and that appellant stated to Joly, Jr., that he had not sold to his father any whisky. It is urged by the State that said newly discovered testimony is insufficient to demand a new trial because same is only impeaching. We have many authorities in this State holding that where newly discovered testimony is not only impeaching but further shows that a witness is mistaken about matters material to the State's case, a new trial should be granted. Heskew v. State, 14 Texas Crim. App., 606; Estrada v. State, 29 Texas Crim. Rep., 169; Johnson v. State, 51 Texas Crim. Rep., 605. The testimony of Joly, Jr., was offered by the State not for the purpose of impeaching the appellant but for the purpose of proving a material matter in the development of the State's case. If appellant had made the confession or statement in the presence of Joly, Jr., which was testified to by him, this would have materially affected the question of appellant's guilt. The testimony sought from the two newly discovered witnesses not only goes to contradict that of the witness Joly, Jr., but to overcome and if true remove from the case this damaging admission on the part of appellant.

Concluding that the motion for new trial was erroneously overruled, it is ordered that the judgment be reversed and the cause remanded.

*Reversed and remanded.,*